This is a suit for damages arising out of an intersectional collision between two automobiles. Plaintiff, John J. Ernst, Jr., alleges in substance that, on May 15, 1942, at about 1:00 p.m., he was driving his Buick automobile on Annunciation street in the city of New Orleans, traveling in the direction of Canal street; that, upon reaching the intersection of Felicity street, he brought his car to a complete stop and then proceeded to cross Felicity street; that, when his car had reached the middle of the intersection, it was struck on its extreme left front side by a truck owned by defendant, General Baking Company, and driven by its employee, which was traveling on Felicity street in the direction of the Mississippi river and that, as a result, his car was damaged to the extent of $231. He claims that the accident was occasioned solely by the negligence of the driver of the truck who failed to keep a proper lookout and was driving the truck at an excessive rate of speed. Joined as a co-defendant in the suit is the Liberty Mutual Insurance Company, the liability insurance carrier of General Baking Company.
The defendants, in their answer, admit the happening of the accident but deny that it was attributable to any fault on the part of the driver of the General Baking Company truck. In addition, General Baking Company filed a reconventional demand to plaintiff's suit in which it alleges that the accident was due exclusively to the fault of the plaintiff; that its truck was being driven on Felicity street, which is a right of way street under the city traffic ordinance, at a reasonable rate of speed; that, when the truck arrived at the intersection, the driver thereof, upon noticing that there was not any traffic traveling on Annunciation street which was near enough to make his passage over the crossing hazardous, preempted the same and that, while the truck was going over the intersection, plaintiff's car came therein from Annunciation street without stopping and struck the right side of the truck, damaging it in the sum of $60.
After hearing evidence on the issues presented by the pleadings, the trial judge dismissed plaintiff's suit and also rejected the reconventional demand of General Baking Company. Plaintiff has appealed from the adverse decision and General Baking Company has answered the appeal, praying that the judgment dismissing its reconventional demand be reversed.
An examination of the record discloses that the case presents a simple issue of fact. The parties admit that the damage sustained by plaintiff's car and the Baking Company's truck amounts to the sums claimed in the main and reconventional demands. Hence, the only question for consideration is the negligence of the participants in the collision.
Annunciation street is a two-way paved street for traffic going to and from Canal street. It is intersected by Felicity street, which is also a two-way paved street accommodating traffic going to and from the Mississippi river. The intersection is not at right angles, as the streets cross each other diagonally; the angle at the uptown lakeside corner, from which the vehicles were approaching before they reached the crossing, being less than 90 degrees. It is also established by the evidence that Felicity is a right-of-way street and that vehicles approaching the intersection on Annunciation street are required to stop before entering. This is proved by the driver of the General Baking Company truck, who states that there are traffic stop signs situated on the corner of Annunciation street. And, while plaintiff denies that such signs were present at the time the accident occurred, he finally admitted reluctantly, under cross-examination, that Felicity was a favored street and that he was required, under the city ordinance, to come to a complete stop before entering the crossing.
Plaintiff testified that, on the day of the accident, he was proceeding down Annunciation street at a slow speed; that, as he neared the corner of Felicity street, he slowed down and came to a complete stop at the entrance of the intersection; that he looked for traffic coming from his left out Felicity street but that his vision of the Felicity street roadway was obstructed by the presence of considerable shrubbery which is situated at the uptown lakeside corner of the intersection; that, since he was unable to observe traffic proceeding in the roadway, he pulled several feet into the intersection and stopped again, in order that he could obtain a better view; that, as he was in this stopped position, the truck of the baking company came over the intersection from his left and that the truck struck the left front *Page 261 
part of his car, shearing off its bumper and causing considerable damage to the front grill of the radiator, front fenders and headlights. Plaintiff's testimony is corroborated by the statement of his brother, a young boy 13 years of age, who was a passenger in plaintiff's car at the time of the accident.
The truck driver, L.J. Rouyer, gives quite a different account of the accident. He states that he was driving the truck out Felicity street in the direction of the Mississippi River at a speed not in excess of 20 miles per hour; that, when he reached a point about 30 feet from the entrance of the intersection, he noticed plaintiff's car approaching from his right on Annunciation street at a slow speed; that plaintiff's car was then about the same distance (30 feet) from the intersection as his truck; that, in view of the fact that Felicity street was a right-of-way street since there was a stop sign located on the corner of Annunciation street requiring traffic to stop at the corner before proceeding into the crossing, he believed that plaintiff would obey the law and yield the right of way to him by coming to a complete stop; that, accordingly, he took his foot off of the accelerator and coasted over the intersection and that, while he was negotiating the crossing, plaintiff's car came into it without stopping and struck the truck on the right side near the front with its front bumper. Rouyer further says that the intersection of Felicity and Annunciation streets is not a blind crossing; that, while there is some shrubbery situated on the uptown lakeside corner, this shrubbery is not dense; that it is not more than four or five feet in height and that the driver of a vehicle approaching from either Annunciation or Felicity street can easily see over this shrubbery and obtain a clear view of all vehicular traffic approaching the intersection. In this statement, the witness is fully corroborated by Anthony Lang, the garage foreman of General Baking Company, who arrived on the scene shortly after the occurrence of the accident.
In view of the conflicting evidence given by the participants in the collision, it is pertinent to examine the physical facts of the case in order to ascertain which one of the two versions is correct. Pictures of the damaged truck and automobile were offered in evidence, which reveal that the entire front portion of the plaintiff's automobile suffered damage, whereas, the panel on the right side of the truck, just above the front right wheel, was struck. These pictures, taken in connection with the other evidence in the case, disclose to our satisfaction that the truck was struck by plaintiff's car after it had already preempted the intersection. Consequently, it is apparent that the accident could not have happened in the manner portrayed by plaintiff because, if plaintiff's car was stopped in the intersection and the truck sheared off the front bumper of his car (as he claims), the photographs would reveal some indentation upon, or damage to, the right front portion of the truck.
Furthermore, it seems clear to us that the evidence of the truck driver is more plausible than that of plaintiff and shows that he acted prudently under the circumstances presented. He saw plaintiff's car approaching the intersection and, knowing that plaintiff was required to stop, he was within his rights in assuming that the law would be obeyed. Accordingly, he continued on and over the crossing. Manifestly, plaintiff either did not see the truck or did not have his car under control because he drove into the intersection and struck the truck after the latter had preempted it. We are not impressed with plaintiff's statement that his view of the intersection was obstructed and we do not believe that he stopped, as he was required to do, before coming into the crossing. The trial judge apparently was of the same belief, as he dismissed plaintiff's demand. The judge evidently was also of the opinion that the truck driver was not at fault because defendants did not plead that plaintiff's recovery should be barred because he was guilty of contributory negligence. Hence, the only issue before the court on the main demand was whether the truck driver was negligent.
However, we think that the judge erred in dismissing the reconventional demand for, if it was his opinion that the truck driver was without fault, he should have awarded judgment in favor of General Baking Company. For our own part, we are convinced that the accident was caused solely through the negligence of the plaintiff in failing to stop at the corner, as he was required to do, before proceeding into the intersection. We are unable to attribute fault to the truck driver for the reason that he was entitled, under the *Page 262 
circumstances presented, to assume that plaintiff would stop and yield the right of way.
For the reasons assigned, the judgment appealed from, insofar as it dismisses plaintiff's suit is affirmed. The judgment dismissing the reconventional demand is reversed and it is now ordered that there be judgment herein in favor of General Baking Company, plaintiff in reconvention, and against John J. Ernst, Jr., defendant in reconvention, for the full sum of $60 with legal interest thereon from judicial demand until paid, and all costs.
Affirmed in part.
Reversed in part.